IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00912-CMA-KLM

WAYNE ALEXANDER, and
EUGENE REILLY,

    Plaintiff,

v.

ARCHULETA COUNTY, COLORADO,
PETER GONZALEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado,
JOHN J. WEISS, individually and in his official capacity as Undersheriff of Archuleta County, Colorado,

    Defendant(s).
_____

## ORDER ON MOTIONS TO COMPEL
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Compel Discovery** [Docket No. 22; Filed March 13, 2009] and Defendants' **Second Motion to Compel Discovery** [Docket No. 24; Filed March 23, 2009] (the "Motions"). I have reviewed the Motions, **Plaintiffs' Combined Responses to Defendants' Motions to Compel Discovery [Docs. 22 and 24]** [Docket No. 35; Filed April 15, 2009] and Defendants' **Combined Reply in Support of Motion to Compel Discovery and Second Motion to Compel Discovery** [Docket No. 37; Filed May 1, 2009], the entire file and the applicable caselaw, and I am advised in the premises. For the reasons stated below, the Motions will be **DENIED**.

This is an action arising from the employment of Plaintiffs by the Archuleta Sheriff's

Department. Plaintiffs allege that their terminations were in retaliation for exercising their First Amendment rights. They also allege that they were deprived of procedural due process by the Defendants. Plaintiffs' final claim is that the Defendants engaged in a conspiracy to violate their civil rights.

### I. Defendants' First Motion to Compel

On October 1, 2008, Defendants served Plaintiffs with a request for a production of documents pursuant to Fed. R. Civ. P. 34. The production request at issue here states:

> 2. Applications, correspondence, and any related documentation and/or electronic media pertaining to job applications made by Plaintiff either during or after his employment with the Archuleta Sheriff's Department.

*Motion* [#22] at 2.

Plaintiffs responded as follows:

> Following his termination from the Archuleta County Sheriff's Department, Plaintiff Alexander sought employment with the following organizations, all of which are located in the State of Colorado: (1) South Fork Police Department; (2) Colorado Bureau of Investigations (sic), Major Crimes Unit, Denver; (3) Grand Junction Police Department; (4) Durango Police Department; (5) La Plata County Sheriff's Department; (6) Southern Ute Police Department, Criminal Investigations; and (7) Southern Ute Division of Gaming. In connection with this request for production, Plaintiff Alexander has made requests to these organizations for copies of applications he submitted to them. Once those requests are answered, these documents will be provided immediately.
>
> Just prior to and following his termination from the Archuleta County Sheriff's Department, Plaintiff Reilly sought employment from the following organizations, all of which are located in the State of Colorado: (1) Pueblo Community College, Law Enforcement Academy; (2) South Fork Police Department; (3) Southern Ute Police Department, Sergeant; (4) Southern Ute Department of Justice and Regulatory, Gaming Investigator; (5) Lone Tree Police Department; (6) Auraria Campus Police Department; (7) AAA Propane, Pagosa Springs; (8) La Plata County Sheriff's Department. In connection with the foregoing, please find provided herewith letters seeking employment from Pueblo Community College and the South Fork Police Department. In connection with this request for production, Plaintiff Reilly has also made request to these organizations for copies of the applications he submitted to them. Once those requests are answered, these documents will be provided

immediately.

*Id.*

In their Motion to Compel, Defendants allege that despite Plaintiffs' promise to provide documentation responsive to its discovery request, Plaintiffs have been delinquent or non-responsive. *Motion* [#22] at 3. According to Defendants, Plaintiffs' documentation was due to be provided over four months ago. *Id.* at 5. Therefore, Defendants request production of the documents and sanctions pursuant to Fed. R. Civ. P. 37. *Id.*

Plaintiffs contend that they have provided supplemental responses to the request for production of documents, but have encountered difficulties in obtaining all of the responsive documentation. *Combined Responses* [#35] at 3. Plaintiffs note that they "live in the remote community of Pagosa Springs, Colorado, and the majority of institutions with which these individuals sought employment are similarly small, remote communities with whom communication is often slow and difficult, even by electronic means." *Id.* at 3-4. Plaintiffs state that they continue to make efforts to retrieve all of the responsive documentation request by Defendants. *Id.* at 4. They also state that they have complied as "fully as possible" to the discovery request. *Id.* at 7.

In their reply, Defendants concede that Plaintiffs now "appear[ ] to have produced all documents requested," *Second Motion* [#24] at 2, but claim that "Plaintiffs only produced the subject documentation once confronted with the Motion to Compel." *Combined Reply* [#37] at 2. Defendants' motion to compel is moot, but because of Plaintiffs' delay in providing the requested documents, Defendants move that Plaintiffs be assessed for "all fees incurred in requesting compliance with the subject discovery requests and in pursuing the motion to compel." *Id.* at 3.
3

## II. Defendants' Second Motion to Compel

Defendants' Second Motion to Compel does not comply with D.C.COLO.LCivR 37.1 which provides that "[a] motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed." Defendants' Second Motion to Compel fails to "set forth verbatim" the requests to which it seeks a further response. Defendants' failure to comply with Rule 37.1 is by itself grounds for denial of the Second Motion to Compel.

Defendants' Second Motion to Compel relates to a second set of interrogatories served on Plaintiffs on January, 30, 2009. *Second Motion* [#24] at 2. Apparently, Defendants' written requests were for the names, addresses, and telephone numbers of certain individuals and the verbatim text of any defamatory statements which Plaintiffs allege were made by Defendants. *Combined Response* [#35] at 2. Plaintiffs state that "with the exception of a single individual, Plaintiffs have disclosed all of the information in their possession regarding the addresses and telephone numbers of the individuals listed in their responses" to the interrogatories. *Id.* at 5. As to the defamatory statements which Plaintiff Alexander claims were made by Defendants, Plaintiff Alexander responded as follows to the interrogatory:

> Except as noted below, Defendant Alexander is unable to recall specifically the dates and/or verbatim content of the defamatory statements made to these individuals. However, Defendant Alexander is continuing to contact these individuals to provide greater detail in regard to specific times, places, and statements made to them. As such information becomes available, Defendant Alexander will provide the same.
>
> A. Judy and George Esterly, residents of Pagosa Springs.
> B. Karle Iseberg, senior reporter, Pagosa Sun News Paper.

> C. Scott and Dawn Hollenbeck, 970-731-2856.
> Defendant Gonzalez told them that Reilly and I were a part of a dangerous militia group and that Defendant Gonzalez was afraid to live in his house because we might blow it up.
> D. John Weiss, Archuleta County Sheriff's Office.
> E. George Barter, Archuleta County Sheriff's Office.
> F. Brian Hangenbugh, former deputy, Archuleta County.
> Defendant Gonzalez told Brian I was a constitutionalist mole and to be careful around me.
> Date: February 29, 2009, and continuing.
> G. Mark Lee, former sergeant with Archuleta County.
> Defendant Gonzalez told Mark that he got rid of me and Reilly because we supported Undersheriff Grandchamp. Date on or about 01/01-8/08.
> H. Steve Jaramillo, resident of Archuleta County.
> Defendant Gonzalez told Steve that he got rid of me and Reilly because we supported Undersheriff Grandchamp. This statement was during a phone conversation between Steve and Defendant Gonzalez.
> Date of conversation and contact information forthcoming. Mr. Jaramillo is currently is out of town.

*Id.* at 6.

Plaintiffs claim they cannot recall verbatim the alleged defamatory statements, but are attempting to contact the individuals who made the statements and will provide Defendants with any further information they obtain. *Id.* at 6-7. Plaintiffs conclude that they have complied as fully as possible with Defendants' requests and continue to supplement their responses. *Id.* at 7.

Again, Defendants appear to concede that Plaintiffs have complied with their discovery requests since the filing of their motions to compel, rendering the Second Motion to Compel moot. *Combined Reply* [#37] at 2-3. Defendants argue that Plaintiffs delayed six months in complying with their written discovery requests and only supplied the information in response to their motions. *Id.* at 2. For this reason, Defendants request that Plaintiffs be ordered to pay all attorney's fees and expenses associated with the Second Motion to Compel. *Id.* at 5.

### III. Sanctions

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery and imposing sanctions in appropriate circumstances. Pursuant to Rule 37, the Court may prevent a party who has failed to provide information as required by Rule 26(a) or (e) from using the information wrongfully withheld in subsequent proceedings. The Court may also order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii) & (c)(1)(A), (C)..

Rule 37 sanctions are imposed not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). "[T]he chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citation omitted).

The discovery disputes that are the subject of Defendants' Motions to Compel have been mooted by Plaintiffs' subsequent production of documents and information. Nevertheless, production of discovery after the filing of a motion to compel may entitle a party to sanctions. Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, or if disclosure of the requested discovery is provided after the motion is filed, the Court must order the non-prevailing party to pay the reasonable expenses, including

attorney's fees incurred in making the motion, unless (1)"the movant filed the motion before attempting in good faith" to obtain the discovery without court action; (2) "the opposing party's nondisclosure, response, or objection was substantially justified" or (3) "other circumstances make an award of expenses unjust." The first two exceptions are not applicable here, so the only issue to be decided is whether the imposition of sanctions on Plaintiffs would be unjust.

In seeking sanctions, Defendants argue they "expended significant resources" in reminding Plaintiffs of their discovery obligations and in pursuing the motions to compel. *Motion* [#22] at 5. Defendants also note that if Plaintiffs had a personal hardship that prevented them from timely producing discovery, they could have filed a motion to extend the discovery deadline with the Court. *Combined Reply* [#37] at 2. Instead, Plaintiffs ignored the deadlines. *Id.*

Plaintiffs have offered several explanations for their untimely production of discovery. Plaintiff Alexander suffered the death of a close friend who was listed as a potential witness in his discovery responses. *Combined Responses* [#35] at 7. Plaintiff Reilly's wife was recently admitted to the hospital with a serious illness. *Id.* Plaintiff Reilly's current employment involves a lengthy commute and he is away from home as much as fourteen hours a day. *Id.* Finally, as noted above, Plaintiffs state that they encountered difficulty communicating with and receiving responses and documentation from the entities and individuals listed in their response to Defendants' request for production of documents. *Id.*

Based on the record before me, it appears that Plaintiffs have made good-faith efforts to comply with Defendants' discovery requests. Plaintiffs did not object to the discovery requests made by the Defendants. Plaintiffs have offered plausible reasons for

7

their delay in fully responding to Defendants' document request. Plaintiffs have now complied with Defendants' requests for documents and answers to interrogatories. Although it is true, as Defendants point out, that Plaintiffs could have requested an extension of the discovery deadline instead of delaying their responses, there seems to be an absence of real prejudice to Defendants. I find that the imposition of sanctions against Plaintiffs would be unjust under the circumstances.

## IV. Conclusion

Based on the foregoing,

IT IS **ORDERED** that Defendants' Motion to Compel Discovery [#22] is **DENIED as moot.**

IT IS **FURTHER ORDERED** that Defendants' Second Motion to Compel Discovery [#24] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Defendants' request for sanctions under Fed. R. Civ. P. 37 is **DENIED**.

DATE: May 15, 2009

                                                  BY THE COURT:

                                                  /s/ Kristen L. Mix
                                                  Kristen L. Mix
                                                  United States Magistrate Judge