IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00912-CMA-KLM

WAYNE ALEXANDER, and
EUGENE REILLY,

    Plaintiff,

v.

ARCHULETA COUNTY, COLORADO,
PETER GONZALEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado,
JOHN J. WEISS, individually and in his official capacity as Undersheriff of Archuleta County, Colorado,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Strike Affidavits or, in the Alternative, Unopposed Motion to Suspend Briefing on Motion for Summary Judgment** [Docket No. 42; Filed June 2, 2009] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the Motion has been referred to this Court.  I have reviewed the Motion, Plaintiffs' Response [Docket No. 50] and Defendants' Reply [Docket No. 51], the case file and relevant law, and I am advised in the premises.  For the reasons stated below, I **RECOMMEND** that the Motion be **GRANTED in part** and **DENIED in part**.

### I. Background

This is an action arising from the employment of Plaintiffs by the Archuleta County

1

Sheriff's Department. Plaintiffs allege that their terminations were in retaliation for exercising their First Amendment rights. Plaintiffs claim that they were terminated because they supported Defendant Gonzalez's political opponent in the election for sheriff. They also allege that they were deprived of procedural due process by the Defendants. Plaintiffs' final claim is that the Defendants engaged in a conspiracy to violate their civil rights.

In the Motion, Defendants assert that they served initial disclosures on Plaintiff on August 28, 2008. *Motion* [#42] at 2.  Defendants named Greg Oertel and Mark Lee as potential witnesses regarding conversations with Plaintiff about the Sheriff Department's internal investigation of Plaintiff Reilly. *Id.*  On September 9, 2008, Plaintiffs served their initial disclosures, which did not list Oertel or Lee as witnesses. *Response* [#50] at 3. Plaintiff served supplemental initial disclosures on February 10, 2009 without mentioning Oertel and Lee. *Motion* [#42] at 3.

On May 7, 2009, Plaintiffs filed their Response to Defendants' Motion for Summary Judgment. [#38].  Attached to the response were affidavits signed by Oertel and Lee.  *Id.* Exs. G & H.  Both affidavits assert that the witnesses overheard Defendant Gonzalez state that he would terminate Plaintiffs because of their support for his political opponent. *Id.* Defendants assert that these affidavits "go to the heart of the case," and that the existence of the testimony "in the affidavits was never disclosed in any deposition, court filing, or disclosure" until Plaintiffs' response to the summary judgment motion. *Motion* [#42] at 3.

## II. Analysis

Defendants move to strike the affidavits of Greg Oertel and Mark Lee submitted with Plaintiffs' Response to Defendants' Motion for Summary Judgment.  Defendants allege that these two witnesses were not included in Plaintiffs' Fed. R. Civ. P. 26 disclosures.  Plaintiffs

concede that they did not disclose these witnesses, but assert that the error was inadvertent and not prejudicial to Defendants. Should the Court decide not to strike the affidavits, Defendants request that the briefing on the motion for summary judgment be suspended and that they be granted leave to depose Oertel and Lee. Plaintiffs do not oppose this form of relief.

Fed. R. Civ. P. 26(a)(1)(I) provides that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery and imposing sanctions in appropriate circumstances. Pursuant to Rule 37, the Court may prevent a party who has failed to provide information as required by Rule 26(a) or (e) from using the information wrongfully withheld in subsequent proceedings. The Court may also order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii) & (c)(1)(A), (C).

Rule 37 sanctions are imposed not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). "[T]he chosen sanction must

be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citation omitted).

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who without substantial justification fails to timely disclose information is prohibited from using that information to supply evidence on a motion. "This sanction is mandatory unless the non-disclosing party shows a substantial justification or that the failure to disclose was harmless." *Cook v. Rockwell*, 233 F.R.D. 598, 600 (D. Colo. 2005). In deciding whether Plaintiffs' failure was substantially justified or harmless, I consider:

> the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

The first factor is the prejudice or surprise to Defendants. They argue that they had no reasonable expectation that Oertel and Lee would provide the testimony contained in their affidavits. *Motion* [#42] at 5. Plaintiffs admit that "a certain amount of surprise" at the affidavits is understandable. *Response* [#50]. However, Plaintiffs claim Defendants were on notice of the subject matter of potential witness testimony because in their demand letter to Defendants, sent before the case was filed, Plaintiffs alleged "individuals" had heard Gonzalez state that he intended to fire Plaintiffs for their support of his opponent during the election. *Id.* at 5. This is, at best, disingenuous, because the demand letter does not specifically mention Oertel or Lee or any other individual to support this claim. *Id.* Ex. 1. Plaintiffs also note that in response to an interrogatory from Defendants, they cited a

4

conversation between Gonzalez and Lee where Gonzalez said he fired Lee because of his support of the other candidate in the election. *Id.* at 6.

Defendants contend that Plaintiffs' failure to disclose is prejudicial because they have been litigating this case without notice of Oertel and Lee's critical testimony and filed a summary judgment motion without knowing of their statements. *Motion* [#42] at 5-6. Plaintiffs assert that any prejudice "can be easily" cured by suspending the briefing on the motion for summary judgment and allowing further discovery, which Plaintiffs do not oppose. *Response* [#50] at 8.

Assuming Defendants have been prejudiced by Plaintiffs' violation of the discovery rules, the court then should consider the second factor regarding whether the violation can be cured. *Woodworker's Supply*, 170 F.3d at 993. Excluding evidence or striking affidavits is disfavored in the context of a summary judgment motion. *Lobato v. Ford,* No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *11 (D. Colo. Sept. 5, 2007); *see also Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F.Supp.2d 1297, 1303 (D. Colo. 1998) (holding that motions to strike are generally disfavored). "The parties to a litigation are not merely players in a game, trying to catch each other out. Rather, litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits." *Gillum v. United States,* 309 Fed. App.

267, 270 (10th Cir. 2009).

A Rule 26 violation may be harmless if it can be cured by further discovery. *See id.* (finding no prejudice when it can be cured by reopening deposition); *Rocky Mtn. Chocolate Factory, Inc. v. SDMS, Inc.*, No. 06-cv-01212-WYD-BNB, 2007 WL 4268962, at *2 (D. Colo.

Nov. 30, 2007) (prejudice cured by reopening discovery). Moreover, by requesting that the summary judgment briefing be suspended, Defendants effectively concede that the prejudice can be cured by reopening discovery for the depositions of Oertel and Lee. *Motion* [#42]. I agree that any prejudice to Defendants may be rectified by further discovery.

The third factor is not relevant because no trial date has been set. The final factor is Plaintiffs' bad faith or willfulness. Defendants are correct in noting that Plaintiffs' behavior during the discovery process has not been exemplary. Plaintiffs' responses to discovery requests have been dilatory. Indeed, Plaintiffs only provided responses required under the Federal Rules after Defendants filed motions to compel and Plaintiffs offered no compelling reasons for the delay. *See Order on Motions to Compel* [#39]. Given Plaintiffs' continuing violations of the discovery rules, the Court cannot find counsel's conduct here to be an innocent mistake, nor does the Court condone Plaintiffs' failure to comply with the Federal Rules of Civil Procedure. Nevertheless, based on the record before me, I cannot find that Plaintiffs' error is in bad faith or willful.

Accordingly, after applying the relevant factors, I find that Defendants have not articulated sufficient grounds for striking the affidavits as a discovery sanction pursuant to Fed. R. Civ. P. 26 and 37.

As an alternative form of relief, Defendants request that the briefing on the motion for summary judgment be suspended pending further discovery. Plaintiffs do not oppose this form of relief. The discovery period ended on May 22, 2009. Defendants have already filed a "partial reply" in support of the motion for summary judgment, without addressing Plaintiffs' First Amendment claim. Oertel and Lee's affidavits directly relate to this claim.

Accordingly, instead of suspending the summary judgment schedule, I recommend that discovery be reopened for the limited purpose of allowing Defendants to address the issues raised by the content of the affidavits of Oertel and Lee and that Defendants be granted an extension of time to file a supplemental reply in support of their summary judgment motion.

### III.  Conclusion

Based on the foregoing, I **RECOMMEND** that the Motion to Strike Affidavits or, in the Alternative, Unopposed Motion to Suspend Briefing on Motion for Summary Judgment be **GRANTED in part**  and **DENIED in part**.  I recommend that the Motion to Strike be **DENIED**.

I FURTHER **RECOMMEND** that discovery be reopened for a reasonable time to allow the  following to occur: (1) Plaintiffs to produce to Defendants all communications between them and Oertel and Lee; (2) Defendants to take the depositions of Oertel and Lee and a supplemental deposition of Plaintiff Alexander; and (3) Defendants to endorse rebuttal witnesses to the proposed testimony of Oertel and Lee.

I FURTHER **RECOMMEND** that Defendants be granted a reasonable extension of time thereafter to file a supplemental reply in support of the motion for summary judgment.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                                        BY THE COURT:

                                        ___/s/ Kristen L. Mix_____
                                        Kristen L. Mix
                                        United States Magistrate Judge

Dated: August 11, 2009