IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00912-CMA-KLM

WAYNE ALEXANDER, and
EUGENE REILLY,

    Plaintiff,

v.

ARCHULETA COUNTY, COLORADO,
PETER GONZALEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado,
JOHN J. WEISS, individually and in his official capacity as Undersheriff of Archuleta County, Colorado,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Discovery Sanctions** [Docket No. 66; Filed December 23, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the Motion has been referred to this Court. I have reviewed the Motion, Plaintiffs' Response [Docket No. 71], the case file and relevant law, and I am advised in the premises. For the reasons stated below, the Motion is **GRANTED**.

I. Background

This is an action arising from the employment of Plaintiffs by the Archuleta County Sheriff's Department. Plaintiffs allege that their employment was terminated in retaliation for exercising their First Amendment rights. Plaintiffs claim that they were terminated

because they supported Defendant Gonzalez's political opponent in the election for Archuleta County Sheriff. They also allege that they were deprived of procedural due process by the Defendants. Plaintiffs' final claim is that the Defendants engaged in a conspiracy to violate their civil rights.

The issue before the Court arises from Defendants' Motion to Strike the Affidavits of Greg Oertel and Mark Lee submitted with Plaintiffs' Response to Defendants' Motion for Summary Judgment. [#42]. Defendants alleged that these two witnesses were not included in Plaintiffs' Fed. R. Civ. P. 26 disclosures. On October 2, 2009, District Court Judge Christine M. Arguello affirmed this Court's Recommendation [#57] that the Motion to Strike be denied and that discovery be reopened for a reasonable time to allow the following to occur: (1) Plaintiffs to produce to Defendants all communications between them and Oertel and Lee; (2) Defendants to take the depositions of Oertel and Lee and a supplemental deposition of Plaintiff Alexander; and 3) Defendants to endorse rebuttal witnesses to the proposed testimony of Oertel and Lee. [#63]. Judge Arguello also ordered that (1) Plaintiffs produce all communications between them and Oertel and Lee by October 13, 2009; (2) Defendants take the depositions of Oertel and Lee and a supplemental deposition of Plaintiff Alexander by November 13, 2009; (3) Defendants endorse rebuttal witnesses to the testimony of Oertel and Lee by November 30, 2009; and (4) Defendants file a supplemental reply in support on the Motion for Summary Judgment by December 14, 2009. *Id.* at 3.

The factual circumstances following the issuance of the Court's Order on October 2, 2009 are not disputed by the parties. On October 13, 2009, Plaintiff's counsel informed Defendants that he had no evidence of further communications between Alexander and

Oertel and Lee. Defendants deposed Lee on November 2, 2009. During that deposition, Lee stated that he had been communicating by email with Alexander over the last couple of years, but could not produce the emails. At Oertel's deposition on November 4, 2009, he also admitted to a lengthy email correspondence between himself and Alexander, but could not produce the emails.

That same day, the deposition of Alexander was reconvened. During his testimony, Alexander stated that he had not conducted a search of emails between himself and Oertel and Lee. He claimed that he was not aware of the Court's Order requiring him to produce this information. As a result, the deposition was adjourned. Following the deposition, Plaintiffs disclosed to Defendants a large number of communications between Alexander and Oertel and Lee.

Alexander's deposition was reconvened on December 3, 2009. Again, Alexander stated that he was not aware that a Court Order required him to disclose all communications between him and Oertel and Lee. He admitted that he had further communications that had not been disclosed to Defendants. He also claimed that he had continued his communication with Lee after the reconvened supplemental deposition on November 2, 2009. Defendants then provided the additional emails between Lee and Alexander that occurred on November 12, 27, and 29, 2009.

Alexander does not dispute the essential facts recited by Defendants. In fact, they concede that sanctions are appropriate here and that the sanctions should consist of striking the affidavits of Oertel and Lee in support of their response to Defendants' Motion for Summary Judgment and precluding the testimony of Oertel and Lee at trial. However, Alexander argues that his conduct is mitigated by the fact that it was an inadvertent, not

willful, and the result of mistake. Counsel primarily affixes blame for the discovery violations and the violations of the Court's Order on his client and a paralegal employed by his firm.

## II. Analysis

Fed. R. Civ. P. 26(a)(1)(I) provides that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery and imposing sanctions in appropriate circumstances. Pursuant to Rule 37, the Court may prevent a party who has failed to provide information as required by Rule 26(a) or (e) from using the information wrongfully withheld in subsequent proceedings. The Court may also order payment of "the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions," including but not limited to striking pleadings, prohibiting the disobedient party from opposing designated claims, and entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii) & (c)(1)(A), (C).

Rule 37 sanctions are imposed not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that [penalty] reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990). "[T]he chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citation omitted).

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who without substantial justification fails to timely disclose information is prohibited from using that information to supply evidence on a motion or at trial. "This sanction is mandatory unless the non-disclosing party shows a substantial justification or that the failure to disclose was harmless." *Cook v. Rockwell*, 233 F.R.D. 598, 600 (D. Colo. 2005). In deciding whether Plaintiffs' failure was substantially justified or harmless, I consider

> the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

The first factor is the prejudice or surprise to Defendants. I agree with the Defendants that Plaintiff Alexander's failure to comply with the discovery rules, dilatory conduct, and violation of Court orders has prejudiced Defendants' ability to challenge the potential testimony of Oertel or Lee. Discovery has closed and, absent order of the Court, Defendants cannot again depose Oertel and Lee, or Alexander for that matter. Defendants are also correct in noting that given Alexander's conduct, the Court cannot be confident that all of the communications between Alexander and Oertel and Lee have been produced to date or will ever be produced.

Assuming Defendants have been prejudiced by Alexander's violation of the discovery rules, the Court then should consider the second factor regarding whether the violation can be cured. *Woodworker's Supply*, 170 F.3d at 993. A Rule 26 violation may be harmless if it can be cured by further discovery. *See id.* (finding no prejudice when it

can be cured by reopening deposition); *Rocky Mtn. Chocolate Factory, Inc. v. SDMS, Inc.*, No. 06-cv-01212-WYD-BNB, 2007 WL 4268962, at *2 (D. Colo. Nov. 30, 2007) (prejudice cured by reopening discovery). Given the history of Plaintiffs' conduct during the discovery process, I find that any prejudice to Defendants cannot be rectified by further discovery.

The third factor is not relevant because trial is scheduled for February 22, 2010. The final factor is Alexander's bad faith or willfulness. Defendants are correct in noting that Alexander's behavior during the discovery process has not been exemplary. Alexander's responses to discovery requests have been dilatory. Indeed, Alexander only provided responses required under the Federal Rules after Defendants filed motions to compel and Alexander offered no compelling reasons for the delay. *See Order on Motions to Compel* [#39]. Moreover, Alexander did not comply with the Court's Order that he disclose email communications with the potential trial witnesses within the Court's deadlines. Given Alexander's continuing violations of the discovery rules, the Court cannot find counsel's conduct here to be an innocent mistake, nor does the Court condone Alexander's failure to comply with the Federal Rules of Civil Procedure. Based on the record before me, I find that Alexander's errors are in bad faith and willful. Accordingly, after applying the relevant factors, I find that Defendants have articulated sufficient grounds for striking the affidavits as a discovery sanction and precluding Plaintiffs from introducing the testimony of Oertel and Lee at trial pursuant to Fed. R. Civ. P. 26 and 37.[1]

---

[1] Defendants' motion requests sanctions against Alexander alone, but notes that the remedy would be ineffective if it was not also applied to Reilly. The affidavits of Oertel and Lee recount conversations involving both Alexander and Reilly. *See Motion* [#38] Ex. G & H. Both Plaintiffs would benefit if the affidavits and the testimony of Oertel and Lee were considered in evaluating the summary judgment motion or by permitting the trial testimony of Oertel and Lee. The Court notes that Plaintiffs are represented by the same attorney. Counsel has not

III.  Conclusion

Based on the foregoing,

IT IS **ORDERED** that the Motion is **GRANTED**.  The affidavits of Oertel and Lee submitted by Plaintiffs in their Response to the Motion for Summary Judgment are **STRICKEN**.

IT IS FURTHER **ORDERED** that Plaintiffs are prohibited from introducing the testimony of Oertel and Lee at the trial in this matter.

IT IS FURTHER **ORDERED** that Defendants' request for reasonable attorney's fees and expenses from Plaintiff Alexander is **GRANTED**. Given that Defendants are the successful parties on the Motion, "the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred . . . including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A). This is a mandatory provision unless the party seeking sanctions failed to confer, the nondisclosure was "substantially justified" or "circumstances make an award of expenses unjust."  *Id.* R. 37(a)(5)(I)-(iii). Nothing in the record before the Court excuses Alexander's failure to comply with their discovery obligations or with Court Orders.

IT IS FURTHER **ORDERED** that on or before **February 26, 2010**, Defendants shall file an affidavit of expenses and attorney's fees incurred in litigating the Motion for Discovery Sanctions and for taking the depositions or Oertel and Lee and the supplemental deposition of Alexander. Plaintiff Alexander's objection, if any, to the affidavit submitted by Defendants shall be filed by **March 5, 2010**.

---

addressed this issue in his response to the Motion.  For these reasons, the non-monetary sanctions will apply to both Plaintiffs.

**The parties are advised that no opposed discovery <u>motions</u> are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.**

DATED: January 27, 2010

BY THE COURT:

\_\_\_/s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge